UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KUSH, INC., | Case No. 2:20-CV-649 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| FRANK VAN VRANKEN, | |
| Defendant(s). | |

Presently before the court is Kush, Inc.'s ("plaintiff") emergency motion to extend time. (ECF No. 12).

Local Rule 7-4, which governs emergency motions in this court, provides as follows:

> (a) Written requests for judicial assistance in resolving an emergency dispute must be titled "Emergency Motion" and be accompanied by a declaration setting forth:
>
> (1) The nature of the emergency;
>
> (2) The office addresses and telephone numbers of movant and all affected parties; and
>
> (3) A statement of movant certifying that, after participation in the meet-and confer process to resolve the dispute, the movant has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.
>
> (b) Emergency motions should be rare. A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency. This rule's provisions are not intended for requests for procedural relief, e.g., a motion to extend time to file a brief or for enlargement of page limits.

**James C. Mahan**
**U.S. District Judge**

> (c) The court may determine whether any matter submitted as an "emergency" is, in fact, an emergency. Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.
>
> (d) Concurrent with the emergency motion, or promptly after it is filed, the moving party must advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed.

Plaintiff summarily argues that Frank Van Vranken, Jr.'s ("defendant") removal of this action "was designed to needlessly force this [p]laintiff to unnecessarily expend resources litigating federal argument in a federal court, even before federal jurisdiction is determined." (ECF No. 12 at 2). Plaintiff proposes that "[t]his inefficiency is easily rectified, with no prejudice to either party, by extending the time for the filing of a [r]esponse to [m]otion to [d]ismiss until 14 days after entry of an order denying remand." *Id.*

Conspicuously absent from plaintiff's motion is any reference to LR 7-4, let alone the declaration required by LR 7-4(a). *See generally id.* Moreover, LR 7-4(b) specifically provides that "[t]his rule's provisions are not intended for requests for procedural relief, **e.g., a motion to extend time to file a brief** or for enlargement of page limits."

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's emergency motion to extend time (ECF No. 12) be, and the same hereby is, STRICKEN.

DATED April 24, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**